IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY; CIGNA HEALTH AND LIFE INSURANCE COMPANY, <br><br> PLAINTIFFS, <br><br> v. <br><br> TRUE VIEW SURGERY CENTER ONE, LP; OPREX SURGERY (HOUSTON), LP; LCS SURGICAL ASSOCIATES, LP; PASNAR HOUSTON, LLC; OPREX SURGERY (BEAUMONT), LP; OPREX ASC BEAUMONT, LLC; and ALTUS HEALTHCARE MANAGEMENT, LP, <br><br> DEFENDANTS. | CIVIL NO. 3:14-cv-01859-AVC <br><br> November 23, 2015 |

## COUNTERCLAIM DEFENDANTS' ANSWER AND DEFENSES TO COUNTERCLAIM PLAINTIFFS' COUNTERCLAIMS

Plaintiffs and counterclaim defendants Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company (together, "Cigna"), by and through the undersigned counsel, hereby answer the counterclaims of defendants and counterclaim plaintiffs Oprex Surgery (Houston) LP, LCS Surgical Affiliates, LP, Pasnar Houston, LLC, and Oprex Surgery (Beaumont) LP, as follows:

1.    Cigna admits that counterclaim plaintiffs are "out-of-network" providers—i.e., that they are not members of Cigna's provider network. Cigna further admits that it has paid millions of dollars—on its own behalf and on behalf of the health and welfare benefits plans it administers—to counterclaim plaintiffs. The remainder of Paragraph 1 is denied.

2.    Cigna admits that its health and welfare benefit plans require members to satisfy their cost-share responsibilities (including co-insurance and deductibles) in order for charges to be covered

under the plans (*see* Am. Compl. ¶¶ 70-76), and that these requirements apply equally to providers when a plan member assigns his or her claim for reimbursement to the provider. The remainder of Paragraph 2 is denied.

3.      Cigna denies the allegations of Paragraph 3.

4.      Cigna admits that the plans at issue allow members the choice of receiving services in-network or out-of-network. Paragraph 4 otherwise states a legal conclusion for which no response is required. To the extent that a response is required, Cigna denies the allegations of Paragraph 4. Cigna lacks knowledge as to the number of individuals that have sought treatment at counterclaim plaintiffs' facilities, and so leaves counterclaim plaintiffs to their proof.

5.      Cigna admits that it does not always require providers and facilities to provide documentation concerning cost-share obligations assessed to plan members. The remainder of Paragraph 5 is denied.

6.      Cigna denies the allegations of Paragraph 6.

7.      Cigna denies the allegations of Paragraph 7.

8.      Cigna denies the allegations of Paragraph 8.

9.      Cigna denies the allegations of Paragraph 9.

10.     Paragraph 10 states a legal conclusion for which no response is required. To the extent that a response is required, Cigna admits that counterclaim plaintiffs and/or their affiliates have submitted claims for payment purporting that benefits have been assigned. Cigna otherwise lacks knowledge or information to assess the validity of assignments allegedly obtained by counterclaim plaintiffs.

11.     Cigna admits the allegations of Paragraph 11, based on information and belief.

12.     Cigna admits the allegations of Paragraph 12, based on information and belief.

13.     Cigna admits the allegations of Paragraph 13, based on information and belief.

14.     Cigna admits the allegations of Paragraph 14, based on information and belief.

15.     Cigna admits the allegations of Paragraph 15.

16.     Cigna admits the allegations of Paragraph 16.

17.     Paragraph 17 states a legal conclusion for which no response is required. To the extent that a response is required, Cigna admits the allegations of Paragraph 17.

18.     Paragraph 18 states a legal conclusion for which no response is required.

19.     Paragraph 19 states a legal conclusion for which no response is required.

20.     Paragraph 20 states a legal conclusion for which no response is required. To the extent that a response is required, Cigna admits that counterclaim plaintiffs and/or their affiliates have submitted claims for payment purporting that benefits have been assigned to them. Cigna otherwise lacks knowledge as to whether counterclaim plaintiffs are valid assignees or authorized representatives of its plan beneficiaries, and so leaves counterclaim plaintiffs to their proof.

21.     Cigna denies that it has violated the terms of its plans or any of its requirements under the Employee Retirement Income Security Act ("ERISA"). Paragraph 21 otherwise states a legal conclusion for which no response is required. To the extent that a response is required, Cigna admits that it maintains its headquarters in Connecticut and transacts business in Connecticut.

22.     Cigna admits that it serves as the claims administrator for all the plans identified in its Amended Complaint (Doc. # 34) and the exhibits to the Amended Complaint. Cigna further admits that some of these plans are fully-insured. Payments for fully-insured plans are drawn from Cigna's own funds.

23.     Cigna admits the allegations of Paragraph 23.

24.     Cigna admits the allegations of Paragraph 24.

25.     Cigna admits the allegations of Paragraph 25.

26.     Cigna admits the allegations of Paragraph 26.

27.     Cigna admits the allegations of Paragraph 27.

28.     Cigna admits the allegations of Paragraph 28.

29.     Cigna admits the allegations of Paragraph 29.

30.     Cigna admits the allegations of Paragraph 30.

31.     Cigna admits that it processes claims for benefits under its plans, and that it sends to plan members "Explanation of Benefits" ("EOB") forms that contain information concerning the processing of a benefits claim. Cigna denies that it sends EOBs to TPSC, Oprex Beaumont, or other providers.  While EOBs are issued to plan members, "Explanation of Payments" ("EOP") forms are issued to providers.

32.     Cigna admits that counterclaim plaintiffs are associated with two surgical centers: (1) "Town Park Surgery Center" ("TPSC"), also known as "Oprex Surgery Center," located in Houston, Texas; and (2) "Oprex Beaumont," located in Beaumont, Texas. Cigna denies that the counterclaim plaintiffs are the only entities affiliated with these surgical centers. Upon information and belief, Cigna states that TPSC consists of four interrelated surgical practices: True View Surgery Center One, LP; Oprex Surgery (Houston), LP; LCS Surgical Associates, LP; and Pasnar Houston, LLC. These four practices may be legally distinct, but they are practically indistinguishable. Cigna lacks knowledge as to whether the counterclaim plaintiffs are surgical practice partnerships whose members perform medically necessary surgical procedures, and so leaves counterclaim plaintiffs to their proof.

33.     Cigna admits the allegations of Paragraph 33.

34.     Cigna lacks knowledge or information about the identity of the counterclaim plaintiffs' "physician members" and the number of surgical procedures performed at TPSC and Oprex Beaumont, and so leaves counterclaim plaintiffs to their proof.

35.     Cigna admits that counterclaim plaintiffs and/or their affiliates have submitted claims for payment to Cigna purporting that benefits have been assigned. Cigna otherwise lacks knowledge or information concerning the allegations of Paragraph 35, and so leaves counterclaim plaintiffs to their proof.

36.     Cigna admits that counterclaim plaintiffs and/or their affiliates have submitted claims for payment to Cigna purporting that benefits have been assigned. Cigna otherwise lacks knowledge or information concerning who submits insurance claims, when, and why, and so leaves counterclaim plaintiffs to their proof.

37.     Cigna admits that Exhibit A of the Amended Complaint (Doc. # 34-1) identifies claims that TPSC has submitted to Cigna, and that Exhibit A further identifies for each claim whether Cigna has paid the claim, not paid the claim, or not paid the claim in its entirety.   Since the filing of Exhibit A, Cigna filed additional exhibits to the Amended Complaint (*see* Docs. #81-1 and 81-2) that list claims submitted by TPSC and Oprex Beaumont for which Cigna has either not paid or not paid in their entirety because of the inclusion of fraudulent charges. Cigna may seek to further amend the complaint with updated information regarding the claims at issue in this case upon further discovery and before the commencement of trial, as appropriate.

38.     Cigna admits that it made payments for certain TPSC claims submitted between September 2010 and October 2013.  Cigna denies that it issued EOBs to TPSC; rather, Cigna issued EOPs to TPSC.  *See infra* ¶ 31.  Cigna denies that it issued fraudulent EOBs or EOPs. To the extent the EOPs issued to TPSC included "CO" codes, such codes were not used to signify a contractual relationship between Cigna and the provider, but rather were typically used to explain that a discount had been applied because of a contractual relationship with a third-party repricing vendor.  As Cigna alleged in the Amended Complaint, at ¶¶ 53-54, Cigna has contracts with third-party vendors who negotiate with providers and facilities to reprice their **out-of-network claims**.

These third-party vendors typically have separate contracts with providers and facilities like TPSC and Oprex Beaumont, pursuant to which the facilities agree to accept a preordained discount percentage to out-of-network claims and make the discount available to insurers like Cigna. On information and belief, TPSC and Oprex Beaumont have contracts with third-party vendors who apply a discount rate to many of the claims they submit to Cigna.

39.    Cigna admits that Exhibit B of the Amended Complaint (Doc. # 34-2) identifies claims that Oprex Beaumont has submitted to Cigna, and that Exhibit B further identifies for each claim whether Cigna has paid the claim, not paid the claim, or not paid the claim in its entirety. Since the filing of Exhibit B, Cigna filed additional exhibits to the Amended Complaint (*see* Docs. #81-1 and 81-2) that list claims submitted by TPSC and Oprex Beaumont for which Cigna has either not paid or not paid in their entirety because of the inclusion of fraudulent charges. Cigna may seek to further amend the complaint with updated information regarding the claims at issue in this case upon further discovery and before the commencement of trial, as appropriate.

40.    Cigna admits that it made payments for certain Oprex Beaumont claims submitted between December 2011 and January 2015. Cigna denies that it issued EOBs to Oprex Beaumont; rather Cigna issued EOPs to Oprex Beaumont. *See infra* ¶ 31. Cigna denies that it issued fraudulent EOBs or EOPs. To the extent the EOPs issued to Oprex Beaumont included "CO" codes, such codes were not used to signify a contractual relationship between Cigna and the provider, but rather were typically used to explain that a discount had been applied because of a contractual relationship with a third-party repricing vendor, as explained above in response to paragraph 38.

41.    Cigna denies that Exhibit A to the Amended Answer and Counterclaims (Doc. #75-1) includes EOBs with examples of "false coding." The documents in Exhibit A are EOPs—not EOBs. These EOPs do not contain examples of "false coding."

42.     Cigna denies that the "CO" or "contractual obligation" code is used only where there is a contract to which both the insurer and the provider are a party.

43.     Cigna lacks sufficient information regarding this generalization and so leaves the counterclaim plaintiffs to their proof.

44.     Cigna denies that it issued EOBs, as opposed to EOPs, to TPSC and Oprex Beaumont.  Cigna further denies that the CO codes on the EOPs for the TPSC and Oprex Beaumont claims were false and the reductions wrongful.  As noted above, based on information and belief, the reductions typically were applied in accordance with Cigna and the providers' contractual relationships with a third-party repricing vendor.

45.     Cigna denies the allegations of Paragraph 45.

46.     Cigna denies the allegations of Paragraph 46.

47.     Cigna denies the allegations of Paragraph 47.

48.     Cigna denies the allegations of Paragraph 48.

49.     Cigna denies the allegations of Paragraph 49.

50.     Paragraph 50 incorporates the allegations of preceding paragraphs. Accordingly, no response is required. To the extent that a response is required, Cigna relies on its responses to the preceding paragraphs.

51.     Paragraph 51 states a legal conclusion for which no response is required.

52.     Cigna admits that counterclaim plaintiffs have submitted benefits claims for services allegedly provided to beneficiaries of Cigna-administered health plans covered by ERISA, and that Cigna seeks to recover overpayments relating to such claims. The remainder of Paragraph 52 contains a legal conclusion for which no response is required. To the extent that a response is required, Cigna denies the remaining allegations of Paragraph 52.

53.     Cigna admits that counterclaim plaintiffs and/or their affiliates have submitted claims for which they purport to have obtained assignment. Cigna otherwise lacks knowledge or information to respond to the allegations of Paragraph 53, and so leaves counterclaim plaintiffs to their proof.

54.     Cigna admits that benefit claims were submitted to Cigna for processing and payment. Cigna lacks knowledge or information to respond to the other allegations of Paragraph 54, and so leaves counterclaim plaintiffs to their proof.

55.     Cigna admits the allegations of Paragraph 55.

56.     Paragraph 56 states a legal conclusion for which no response is required. To the extent that a response is required, Cigna admits that it has obligations as an administrator of certain ERISA plans.

57.     Cigna denies the allegations of Paragraph 57.

58.     Cigna denies the allegations of Paragraph 58.

59.     Cigna denies the allegations of Paragraph 59.

60.     Paragraph 60 states a legal conclusion for which no response is required. To the extent that a response is required, Cigna denies the allegations of Paragraph 60.

61.     Paragraph 61 incorporates the allegations of preceding paragraphs. Accordingly, no response is required. To the extent that a response is required, Cigna relies on its responses to the preceding paragraphs.

62.     Paragraph 62 states a legal conclusion for which no response is required.

63.     Cigna denies the allegations of Paragraph 63.

64.     Paragraph 64 states a legal conclusion for which no response is required. To the extent that a response is required, Cigna denies the allegations of Paragraph 64.

65.     Paragraph 65 incorporates the allegations of preceding paragraphs. Accordingly, no response is required. To the extent that a response is required, Cigna relies on its responses to the preceding paragraphs.

66.     Cigna admits that benefits claims were submitted for services allegedly provided to beneficiaries of certain Cigna-administered health and welfare benefits plans that are not governed by ERISA. The remainder of Paragraph 66 contains a legal conclusion for which no response is required. To the extent that a response is required, Cigna denies the remaining allegations of Paragraph 66.

67.     Cigna admits that counterclaim plaintiffs and/or their affiliates have submitted claims for which they purport to have obtained assignment. Cigna otherwise lacks knowledge or information to respond to the allegations of Paragraph 67, and so leaves counterclaim plaintiffs to their proof.

68.     Cigna admits that counterclaim plaintiffs have submitted benefit claims to Cigna for processing and payment. Cigna lacks knowledge or information to respond to the remaining allegations of Paragraph 68, and so leaves counterclaim plaintiffs to their proof.

69.     Cigna admits the allegations of Paragraph 69.

70.     Paragraph 70 states a legal conclusion for which no response is required. To the extent that a response is required, Cigna admits that it has obligations as an administrator of certain non-ERISA plans.

71.     Cigna denies the allegations of Paragraph 71.

72.     Cigna denies the allegations of Paragraph 72.

73.     Cigna denies the allegations of Paragraph 73.

74.     Cigna denies the allegations of Paragraph 74.

75.     Paragraph 75 states a legal conclusion for which no response is required. To the extent that a response is required, Cigna denies the allegations of Paragraph 75.

## COUNTERCLAIM PLAINTIFFS' PRAYER FOR RELIEF AND JURY DEMAND

Cigna denies the allegations in counterclaim plaintiffs' prayer for relief. Cigna prays that the Court dismiss counterclaim plaintiffs' claims with prejudice. To the extent that the counterclaim plaintiffs seek a trial by jury, no response is required.

## DEFENSES

### Failure to State a Claim

Counterclaim plaintiffs have failed to state a claim upon which relief may be granted.

### Lack of Standing

Counterclaim plaintiffs' claims are barred in whole or in part because counterclaim plaintiffs lack standing to sue on behalf of Cigna's plan beneficiaries.

### Failure to Satisfy Pleading Standards

Counterclaim plaintiffs' claims are barred in whole or in part because the counterclaim does not satisfy the heightened pleading standards of Fed. R. Civ. P. 9.

### Administrative Exhaustion

Counterclaim plaintiffs' claims are barred in whole or in part due to their failure to exhaust available administrative remedies, as required by ERISA.

### Statutes of Limitations

Counterclaim plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations.

### Laches

Counterclaim plaintiffs' claims are barred in whole or in part by the doctrine of laches.

## Failure to Mitigate

Counterclaim plaintiffs are not entitled to damages due to their failure to mitigate.

## Other Defenses

Cigna may seek to further amend this Answer to assert additional defenses based upon further discovery and before the commencement of trial, as appropriate.

*/s/ David A. Ring*
David A. Ring (ct14362)
Jenny R. Chou (ct28201)
Tadhg A.J. Dooley (ct29364)
WIGGIN AND DANA LLP
One Century Tower, P.O. Box 1832
New Haven, CT, 06508-1832
Telephone: 203-498-4400
Facsimile: 203-782-2889
dring@wiggin.com
jchou@wiggin.com
tdooley@wiggin.com
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

This is to certify that on November 23, 2015, a copy of the foregoing *Counterclaim Defendants' Answer and Defenses to Counterclaim Plaintiffs' Counterclaims* was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ David A. Ring*
David A. Ring (ct14362)
WIGGIN AND DANA LLP
One Century Tower, P.O. Box 1832
New Haven, CT, 06508-1832
Telephone: 203-498-4400
Facsimile: 203-782-2889
dring@wiggin.com